COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


WALKER J. FERGUSON
                                        MEMORANDUM OPINION*
v.    Record No. 3010-99-3                  PER CURIAM
                                            MAY 9, 2000
LIMITORQUE CORPORATION AND
 PACIFIC EMPLOYERS INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Henry G. Crider, on brief), for appellant.
                Appellant submitting on brief.

                (Douglas A. Seymour; Siciliano, Ellis, Dyer &
                Boccarosse, on brief), for appellees.
                Appellees submitting on brief.


        Walker J. Ferguson appeals a decision of the Workers'

Compensation Commission denying him compensation benefits.

Ferguson contends that the commission erred in (1) finding that

he failed to prove he sustained a compensable injury by accident

on August 27, 1997; (2) finding that he failed to prove that his

disability between July 28, 1998 and March 7, 1999 was causally

related to the injury by accident; and (3) failing to apply the

"two causes" rule.  We affirm the commission's decision.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Our review of the commission's opinion reveals that the commission agreed with the deputy commissioner that Ferguson was struck in the lower back by a control valve at work on August 27, 1997. The dispositive issue before the commission, and before this Court on appeal, is whether Ferguson proved a causal connection between the injury by accident and his treatment and disability between July 28, 1998 and March 7, 1999.

## Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the record establishes that on September 11, 1998, Dr. Larry S. Davidson, a neurosurgeon, who first examined Ferguson on July 29, 1998, opined as follows:

> Since [Ferguson's] last visit here, he has undergone EMG/NCS per Miles Wallace. These studies are consistent with a diabetic neuropathy, which explains his lower extremity numbness. I would agree that this does not explain his pain in the lower back or the right lower extremity. I think these complaints are more consistent with mechanical pain secondary to degenerative changes of the lumbar spine, perhaps in combination with the trauma previously described. . . . Again, as before, he does not appear to have any significant thecal sac compression or symptoms thereof, and his lower extremity numbness is explained by his diabetic neuropathy. Thus, we are left with back pain, which I think is poorly treated with surgery and probably better addressed with conservative efforts.

Relying upon Dr. Davidson's opinion, the commission made the following findings:

> The only evidence regarding the cause of [Ferguson's] pain in 1998 was offered by Dr. Davidson on September 11, 1998. . . . Dr. Davidson clearly felt that [Ferguson's] pain was related to degenerative changes of his spine, and offered only the equivocal, speculative term "perhaps" to refer to the possibility that it was related to the accident in 1997. . . . [Ferguson's] proof of causation between the accident in 1997, and the disability in 1998 and 1999 does not rise above the level of conjecture.

The principle is well established that "[a] medical opinion based on a 'possibility' is irrelevant [and] purely speculative." Spruill v. Commonwealth, 221 Va. 475, 479, 271 S.E.2d 419, 421 (1980). In its consideration of Ferguson's medical records and Dr. Davidson's opinion, the commission could reasonably find that the medical evidence established, at best, that Ferguson's back injury "perhaps" was caused by the work injury.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Thus, in light of the speculative nature of Dr. Davidson's opinion and the lack of any other persuasive medical evidence of a causal connection, the commission was entitled to conclude that the evidence failed to prove that Ferguson's treatment and disability between July 28,

1998 and March 7, 1999 were causally related to his August 27, 1997 accident.

Because the medical evidence was subject to the commission's factual determination, we cannot hold as a matter of law that the evidence sustained Ferguson's burden of proof. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970). The commission's findings, which are supported by credible evidence, are binding and conclusive upon us.

## "Two Causes" Rule

Ferguson contends that the commission erred in not applying the "two causes" rule to find his claim compensable. "The principle is well established that 'where a disability has two causes: one related to the employment and one unrelated [to the employment] . . . full benefits will be allowed.'" Ford Motor Co. v. Hunt, 26 Va. App. 231, 237-38, 494 S.E.2d 152, 155 (1997) (citation omitted). Ferguson argues that his inability to work stemmed from two causes, both his back pain and his lower limb weakness, the former having arisen first.

With respect to this issue, the commission found as follows:

> [T]he medical evidence clearly establishes that the numbness and weakness in [Ferguson's] legs was caused by his diabetic condition. Further, Dr. Davidson opined that the claimant's pain was "consistent with" mechanical low back pain related to degenerative changes of the spine. The only

evidence that [Ferguson's] back pain in 1998 and 1999 was related to the 1997 accident is [Dr. Davidson's] statement that the mechanical pain was caused by the degenerative changes, "perhaps" in combination with the trauma reported. . . . Dr. Davidson did not opine that the 1997 accidental trauma "did" contribute to the mechanical back pain. Rather, he speculated that "perhaps" it did.

Based upon these findings, which are amply supported by the record, the commission did not err in concluding that Dr. Davidson's opinion was not sufficient "to bring the 'two causes' rule into play" and that Ferguson's evidence did "not meet the level of medical proof required for causation."

For these reasons, we affirm the commission's decision.

Affirmed.